UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SCOTTSDALE INSURANCE COMPANY,

Plaintiff,

v.

BRUCE PACKING COMPANY, INC.,

Defendant.

Case No. 6:25-cv-02013-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Scottsdale Insurance Company ("Plaintiff") filed this declaratory relief action against its insured, Defendant Bruce Packing Company, Inc. ("Defendant"). Compl. 13, ECF No. 1. Plaintiff seeks a declaration of the rights, duties, and liabilities under its insurance policy related to bodily injury and damage claims caused by or related to exposure to *listeria monocytogenes* ("listeria"). *Id.* Before the Court is Plaintiff's Motion for Partial Summary Judgment Re Communicable Disease Exclusion. Pl.'s Mot. Summ. J., ECF 18. For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

Defendant operates several meat-processing facilities and produces millions of pounds of precooked meat annually for sale to customers throughout the United States. Hoke Decl. ¶ 2, ECF No. 22. Many of these products are produced at Defendant's meat processing plant in Durant, Oklahoma. Compl. ¶ 4.1; Answer ¶ 4.1, ECF No. 13.

In 2024, Defendant acquired a commercial excess liability policy from Plaintiff. Compl. Ex. A ("Scottsdale Policy") 18; *see* Compl. ¶ 4.12; Answer ¶ 4.12. Generally, the Scottsdale Policy requires Plaintiff to defend Defendant "against any suit seeking damages for such 'injury or damage' when the applicable limits of 'controlling underlying insurance' have been exhausted . . . ." *Id.* at 27.[1] But Defendant's coverage under the Scottsdale Policy is subject to several enumerated exclusions. *Id.* at 28. As relevant to this motion, the Scottsdale Policy provides the following "Communicable Disease Exclusion":

> **A.** The following exclusions are added to **SECTION 1—COVERAGES,** subsection **2. Exclusions:**
>
> * * *
>
> **Communicable Disease**
>
> **(1)** "Injury or damage" arising out of the actual or alleged transmission of or exposure to a "communicable disease," illness or condition related to any "communicable disease."
>
> * * *
>
> For purposes of this exclusion, the following definition applies:
>
> "Communicable disease" means any infectious and/or contagious disease, including but not limited to, diseases caused by bacteria, fungi, protozoa, viruses, or any combination of the foregoing.

*Id.* at 45-46.

In October 2024, the U.S. Department of Agriculture's Food Safety and Inspection Service visited Defendant's Durant facility and "identified multiple areas in the plant that tested positive for *listeria*." Compl. ¶ 4.9; Answer ¶ 4.9. In the following weeks, Defendant recalled all products produced at its Durant facility in the preceding months. Compl. ¶ 4.10; Answer ¶ 4.10. Several litigants filed claims against Defendant asserting "bodily injury and/or property damage

[1] The Scottsdale Policy is one policy within a "tower of insurance" that provides insurance coverage for Defendant. Hoke Decl. ¶ 3. The Scottsdale Policy is "excess" insurance, "designed to 'kick in' when the coverage provided by the lower level of insurance is exhausted." *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 466 n.1 (1992).

claims related to alleged *listeria* exposure via [Defendant's] products." Compl. ¶ 4.11; Answer ¶ 4.11.

Plaintiff initiated this lawsuit in October 2025. Plaintiff seeks a declaratory judgment finding that the Scottsdale Policy does not provide coverage for listeria-related claims, and that Plaintiff has no duty to defend or indemnify Defendant against such claims. Compl. 13. On May 22, 2026, Plaintiff filed this Motion for Summary Judgment seeking a declaration that "the Communicable Disease Exclusion in the [Scottsdale] Policy precludes coverage for listeria-related bodily injury claims[] and further declaring that [Plaintiff] may withdraw from [Defendant]'s defense with regard to listeria[-]related bodily injury claims." Pl.'s Mot. Summ. J. 16.

**STANDARD**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) All reasonable doubts as to the existence of genuine issues of material fact should be resolved

against the moving party and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31.

**DISCUSSION**

A federal court, sitting in diversity, applies state law to interpret an insurance policy. *Travelers Prop. Cas. Co. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). Under Oregon law, interpretation of an insurance policy is a question of law. *Hunters Ridge Condo. Ass'n v. Sherwood Crossing, LLC*, 285 Or. App. 416, 422 (2017) (citing *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 469 (1992)). A court's goal "in construing an insurance policy is to 'ascertain the intention of the parties.'" *Id.* at 422 (quoting *Dewsnup v. Farmers Ins. Co.*, 349 Or. 33, 39-40 (2010)). The court determines the intention of the parties "by analyzing the policy's express terms and conditions." *Id.* at 422 (citations omitted). Courts interpret the terms and conditions "of an insurance policy according to what [the court] perceive[s] to be the understanding of the ordinary purchaser of insurance." *Totten v. N.Y. Life Ins. Co.*, 298 Or. 765, 771 (1985). To accomplish this, Oregon courts first consider the term's plain language. *Holloway v. Republic Indem. Co.*, 341 Or. 642, 650 (2006). If the term is unambiguous, the court's analysis ends there. *Id.* But if the term is susceptible to more than one plausible interpretation, then the court will "examine the phrase in light of 'the particular context in which that [phrase] is used in the policy and the broader context of the policy as a whole.'" *Id.* (quoting *Hoffman*, 313 Or. at 470). "If the ambiguity remains after the court has engaged in those analytical exercises, then 'any reasonable doubt as to the intended meaning of such [a] term[] will be resolved against the insurance company . . . .'" *Id.* (quoting *North Pacific Ins. Co. v. Hamilton*, 332 Or. 20, 25 (2001)).

Here, Plaintiff moves for summary judgment on the issue of whether the Communicable Disease Exclusion in the Scottsdale Policy precludes coverage for listeria-related bodily injury claims. Plaintiff argues that the plain language and context of the Scottsdale Policy's Communicable Disease Exclusion unambiguously applies to listeria-related bodily injury claims, thus excluding such claims from the policy.

**I. Plain Meaning**

The Scottsdale Policy explicitly defines "communicable disease" within the Communicable Disease Exclusion to mean "any infectious and/or contagious disease, including but not limited to, diseases caused by bacteria, fungi, protozoa, viruses, or any combination of the foregoing." Scottsdale Policy 45-46. The Scottsdale Policy provides no further definitions of "infectious," "contagious," or what is meant by "and/or." Applying Oregon's interpretive framework, the Court first considers whether listeria-related diseases fall within the plain meaning[2] of those terms.

"Listeria" is "a genus of small gram-positive flagellated bacterial rods . . . of which the chief and type species (*L. monocytogenes*) causes infectious mononucleosis in [humans] and a wide variety of infections in mammals." *Listeria*, *Webster's Third New International Dictionary* (Phillip Babcock Gove ed., 2002); *see also L. Monocytogenes*, *Stedman's Medical Dictionary* (28th ed. 2006) ("[A] bacterial species causing meningitis, encephalitis, septicemia, endocarditis, abortion, abscesses, and local purulent lesions . . . . [R]ecently linked to food-borne diseases;

[2] Oregon courts consult *Webster's Third New International Dictionary* more often than any other dictionary to determine the plain meaning of undefined terms. *Kohring v. Ballard*, 355 Or. 297, 304 n.2 (2014). But many courts consult several dictionaries to more accurately determine a word's ordinary meaning and "avoid[] the possibility that dictionary selection affects the outcome." *In re Hollister*, 305 Or. App. 368, 373 (2020); *see, e.g.*, *Hopkins v. SAIF Corp.*, 349 Or. 348, 361 (2010) (defining "arthritis" using *Webster's Third New Int'l Dictionary*, *Stedman's Medical Dictionary*, *Dorland's Illustrated Medical Dictionary*, and *Black's Medical Dictionary*).

especially associated with meat and dairy products."). These definitions make clear that listeria is a bacteria capable of contaminating meat products. The consumption of listeria-contaminated food can infect individuals, leading to the development of several types of harmful diseases. Thus, the question before the Court is whether those harmful diseases caused by listeria are "infectious and/or contagious disease[s] . . . ." Scottsdale Policy 46.

An "infectious disease" is "a disease caused by the entrance into and growth and multiplication in the body of bacteria, protozoans, fungi, or analogous organisms." *Infectious Disease*, *Webster's Third New International Dictionary* (Phillip Babcock Gove ed., 2002); *see also Infectious D.*, *Dorland's Illustrated Medical Dictionary* (33d ed. 2020) ("[A] disease caused by a pathogenic microorganism, including bacteria, viruses, fungi, protozoa, and multicellular parasites; it may be transmitted from another host or arise from the host's indigenous microflora."). While Defendant cites various websites in an attempt to cabin "infectious disease" to those diseases passing from person to person, the plain meaning of the term does not appear so narrow. Based on the Court's cited dictionary definitions, "infectious disease" is a broad term that includes any disease caused by a microorganism. An infectious disease is classified as such because of the form of the disease's catalyst (that is, a microbial agent), rather than the means of transmission. These definitions make clear that listeria—a bacteria that can cause several types of harmful diseases—is an infectious disease within the plain meaning of the term.

On the other hand, a "contagious disease" is "a disease communicable by contact with one suffering from it, with a bodily discharge of such a patient, or with an object touched by such a patient or his bodily discharges." *Contagious Disease*, *Webster's Third New International Dictionary* (Phillip Babcock Gove ed., 2002); *see also Contagious Disease*, *Taber's Cyclopedic Medical Dictionary* (25th ed. 2025) ("Any disease, usually an infectious disease, readily

transmitted from one person to another."). Based on the plain meaning, listeria is not a "contagious disease" because it is transmitted by food rather than by contact with a person. Thus, listeria is an infectious disease but not a contagious disease.

While the Court finds no support for Defendant's argument that the term "infectious disease" is ambiguous, the Court's analysis does not end here. Rather, because the exclusion applies to "infectious and/or contagious disease," the Court must decide whether the only plausible interpretation of "and/or" in this context would exclude diseases which are "infectious" but not "contagious." Plaintiff asserts that the unambiguous, plain meaning of "and/or" is "one or the other or both." Pl.'s Mot. Summ. J. 15 (quoting *Enter. Marine Servs. LLC v. Motion Indus. Inc.* ("*Marine Servs.*"), No. 01-22-00072-CV, 2023 WL 3828786, at *5 (Tex. App. June 6, 2023)). Plaintiff argues that the Scottsdale Policy's Communicable Disease Exclusion applies to claims arising from listeria-based illnesses because listeria is an "infectious disease," and the exclusion applies to claims arising from infectious diseases, contagious diseases, or diseases classified as both an infectious and a contagious disease. Pl.'s Mot. Summ. J. 15-16.

Generally, "and/or" is "used as a function word to indicate that words are to be taken together or individually." *And/or*, *Webster's Third New International Dictionary* (Phillip Babcock Gove ed., 2002) ("[M]en *and/or* women means men *and* women or men *or* women."). "And/or" is listed in the *Chicago Manual of Style*'s "Glossary of Problematic Words and Phrases":

> Avoid this Janus-faced[3] term. It can often be replaced by *and* or *or* with no loss in meaning. Where it seems needed {take an aspirin and/or a warm drink}, try . . . *or . . . , or both* {take an aspirin or a warm drink, or both}. But think of other possibilities {take an aspirin, perhaps with a warm drink}.

[3] "[H]aving two contrasting aspects." *Janus-faced*, Merriam-Webster, https://www.merriam-webster.com/dictionary/Janus-faced.

*5.254: Glossary of Problematic Words and Phrases*, *The Chicago Manual of Style* (18th ed. 2024) (cautioning that "[t]he mere presence of a word in the dictionary's pages does not mean that the word is in all respects fit for print as Standard Written English").

In Oregon, courts view "and/or" as an inherently ambiguous phrase. *SAIF Corp. v. Donahue-Birran*, 195 Or. App. 173, 180 (2004). The drafters of a contract "must have meant either 'and' or 'or' but could not have meant both, as different results flow from each reading, and there is no possible alternative reading that somehow could give effect to both." *Id.* at 178. Oregon courts are not inclined to resolve the "and/or" predicament based on the term's plain language:

> Ultimately the decision must be made, which is it-A or B or both? And this decision is not helped by *and/or*. That formula permits the one person who should know what he is talking about to dodge the decision, and fobs off the choice on a stranger-a lawyer, a judge-who may not have the slightest notion what the writer really meant.

*Id.* at 179 (quoting David Mellinkoff, *The Language of the Law* 308-09 (1963)). When opposite outcomes would follow from the conjunctive, "and," and the disjunctive, "or," the plain meaning of the phrase in which the term is used remains ambiguous. *SAIF Corp.*, 195 Or. App. at 178.

Looking beyond Oregon, many courts have disagreed on how to interpret "and/or." *Compare, e.g.*, *West v. Quality Gold, Inc.*, No. 5:10–cv–03124–EJD, 2012 WL 1067394, at *3 (N.D. Cal. Mar. 28, 2012) ("[T]he Court has not discovered[] any authority for the proposition that the phrase 'and/or' should be read as 'or.'"), *with Loc. Div. 589, Amalgamated Transit Union v. Massachusetts*, 666 F.2d 618, 627 (1st Cir. 1981) ("[T]he words 'and/or' commonly mean 'the one or the other or both.'"). In the context of insurance contracts, some courts have interpreted "and/or" to mean "one or the other or both," as Plaintiff urges here. *Marine Servs.*, 2023 WL 3828786, at *5; *Detroit Water Team Joint Venture v. Agric. Ins. Co.* ("*Detroit Water*"), 371 F.3d 336, 342 (6th Cir. 2004). But these courts' interpretations are not based on the plain

meaning of "and/or." Instead, these courts have adopted this meaning within the context of the contracts they are interpreting. *Marine Servs.*, 2023 WL 3828786, at *6 ("That meaning tracks the Supply Agreement as a whole."); *Detroit Water*, 371 F.3d at 342 ("[T]he use of the 'and/or' language *in exclusion M* unambiguously means that the exclusion applies if either or both of the two specified conditions are met.") (emphasis added). While there are contexts where a drafter's intent may be properly expressed by "and/or" (in these instances, meaning one, the other, or both), these occasions should be limited to "circumstances under which 'it made no difference whether the conjunctive "and" or disjunctive conjunction "or" was used.'" *Mich. Pub. Serv. Co. v. Cheboygan*, 37 N.W.2d 116, 129 (Mich. 1949). These courts apply this definition not as the plain meaning of the phrase, but to "best effect the purpose of the parties as gathered from the contract taken as a whole." *Marine Servs.*, 2023 WL 3828786, at *5 (quoting *State v. Dudley*, 106 So. 364, 365 (La. 1925)).

Here, if this Court interprets "and/or" *together* (that is, meaning "and"), the exclusion would not apply because a disease resulting from listeria-contaminated food products is not a "contagious disease." If this Court interprets "and/or" *individually* (that is, meaning "or") the exclusion would apply because a disease resulting from listeria-contaminated food products is an "infectious disease." Because conjunctive and disjunctive interpretations of the term "and/or" yield opposite outcomes, the plain meaning of "and/or" and the broader definition of "communicable disease" remain ambiguous.

## II. Context

Under Oregon law, if the plain meaning of a contractual phrase is ambiguous, as it is here, a court "examine[s] the phrase in light of the particular context in which that phrase is used in the policy and the broader context of the policy as a whole." *Holloway*, 341 Or. at 650 (internal quotation marks and citation omitted). A contract must be construed as a whole, and a

court's interpretation of one phrase should avoid rendering another portion meaningless. *Thomas Creek Lumber & Log Co. v. State Forester*, 157 Or. App. 204, 213 (1998); *Hardin v. Dimension Lumber Co.*, 140 Or. 385, 389 (1932); Or. Rev. Stat. § 42.230. In full, the Scottsdale Policy's Communicable Disease Exclusion provides that a "'communicable disease' means any infectious and/or contagious disease, including but not limited to, diseases caused by bacteria, fungi, protozoa, viruses, or any combination of the foregoing." Scottsdale Policy 46.

Plaintiff argues that Defendant's interpretation of the phrase "infectious disease" as including only diseases capable of being transmitted person to person would render the other provisions of the definition (e.g. "contagious" and "including but not limited to, diseases caused by bacteria") meaningless. The Court agrees. But as the Court already explained, that conclusion does not end the inquiry because the phrase "and/or" creates ambiguity as to the application of the exclusion to a disease that is infectious but not contagious. That ambiguity is not clarified by reading the provision in context. Indeed, the same rationale that precludes Defendant's interpretation of "infectious disease" precludes Plaintiff's interpretation of "and/or." Specifically, Plaintiff's definition of "and/or" as meaning "one or the other or both" would render the term "contagious disease" in the definition of "communicable disease" meaningless. As Plaintiff itself asserts, "all contagious diseases are infectious; but not all infectious diseases are contagious." Pl.'s Reply 3, ECF No. 24. If that is true, then the Scottsdale Policy could just say "infectious disease," and need not include the term "contagious disease" at all. Instead, Plaintiff's reading fails to give meaning to the phrase "contagious disease." Thus, context does not clarify the ambiguity created by the use of "and/or" in the Scottsdale Policy.

As applied to listeria-based infections, the definition of "communicable disease" is ambiguous. Despite this Court's in-depth analysis of and reliance on a variety of interpretive

aids, two contrasting interpretations of the Scottsdale Policy's Communicable Disease Exclusion "continue to be reasonable": one in which the Scottsdale Policy would exclude claims arising out of listeria-related diseases and another in which the Scottsdale Policy would not. *Holloway*, 341 Or. at 650. Accordingly, the Scottsdale Policy's Communicable Disease Exclusion does not unambiguously apply to listeria-related bodily injury claims. Because it is susceptible to more than one interpretation, the Court must construe it against Plaintiff insurer. *Id.*

**CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Partial Summary Judgment Re Communicable Disease Exclusion (ECF No. 18) is DENIED.

DATED this 17th day of September 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge